967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James DECKER, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 91-15851.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1992.
Decided June 26, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Decker appeals the district court's summary judgment in favor of the Secretary of Health and Human Services in Decker's action challenging the Secretary's denial of his applications for disability insurance benefits and supplementary security income benefits. The administrative law judge found that Decker was capable of performing his past relevant work as a truck driver and therefore was not disabled. He alleged that he suffered from disabling mental impairments including alcoholism.
 
 
 3
 The ALJ's finding that Decker is able to perform his past work as a truck driver is not supported by substantial evidence. The uncontradicted evidence indicated that Decker cannot return to such work. Both Dr. Singer and Dr. Ephron so testified. The government has conceded that nothing in the record contradicts those statements. The ALJ offered no reasons for rejecting this uncontradicted medical opinion. The finding therefore cannot be sustained. See, e.g., Bilby v. Schweiker, 762 F.2d 716, 718 (9th Cir.1985).
 
 
 4
 Moreover, chronic alcohol abuse alone may be an impairment which requires a finding of disability. See Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir.1987). Decker is a diagnosed alcoholic and therefore the Secretary has the burden of demonstrating that he can control his abuse sufficiently to be employable. The ALJ failed to make specific supported findings that Decker can control his alcohol abuse and still be fit for jobs available in the national economy.
 
 
 5
 The case must be REMANDED so that the Secretary may attempt to establish whether Decker can control his drinking and, through the testimony of a vocational expert, whether there are jobs in the national economy which Decker can perform.
 
 
 6
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3